WHITE, Receiver, etc., *v.* BOARD OF ASSESSORS OF THE CITY OF RAHWAY.

*(Circuit Court, D. New Jersey.* June 14, 1883.

MUNICIPAL CORPORATION—SALE OF SECURITIES—MANDAMUS.

As an examination of the evidence in this case shows that there was no collusion in the sale at auction of the securities given as collateral security for the note executed by the defendant corporation, and that the plaintiff, in the acts complained of, was prompted solely by the desire to do the best he could for the parties interested, the corporation is bound by the result of the sale, and plaintiff is entitled to the *mandamus* prayed for in his petition, to compel a levy and assessment of the amount still due and unpaid on his judgment.

On Application for *Mandamus.*
*E. A. & W. T. Day,* for petitioner.
*Garret Berry,* for defendants.

NIXON, J. On the third of September, 1881, Stephen T. White, receiver of the Grocers' Bank of the City of New York, recovered in this court a judgment against the mayor and common council of the city of Rahway for $40,515 damages, and $91.10 costs of suit, for money loaned to the said city by the said bank. Execution was issued thereon, and was returned by the marshal with an indorsement that there were no funds in the city treasury, and no property, goods, chattels, lands, or tenements of the defendant corporation, sufficient to satisfy said execution.

On the sixteenth of April, 1883, the plaintiff in said judgment filed a petition in this court, setting forth that the city of Rahway had no property out of which the moneys due upon said execution could be made; that on the twentieth of September, 1881, a copy of said writ had been served according to law upon the mayor, collector, and receiver of taxes, and also upon all the members of the board of city assessors of said city, and that they were required to levy and assess the amount due to plaintiff in said judgment and said execution; that said officers had neglected and refused to perform their duties in this respect; that on the eleventh of January, 1882, the defendant had paid on account the sum of $11,680.70; and that the balance of said judgment, together with costs, interest, and marshal's fees, remained wholly unpaid.

A rule was granted on the petition that the board of city assessors should show cause before the court, on May 16, 1883, why a writ of *mandamus* should not issue, commanding them to assess and levy, in addition to the regular taxes, the amount still due upon said execution, with the interest and costs. On the return of the rule it was insisted by the counsel for the city that no *mandamus* should issue until the sum actually due upon the judgment and execution was ascertained; that when the city of Rahway made the loan of $50,000 from the bank, of which the plaintiff is receiver, it pledged, as collateral security for the payment of the note given as evidence of the loan, 50 bonds of the city of Rahway, of the denomination of $1,000 each; that the bonds had been sold by the plaintiff at much less than their market value; and that the court should allow the defendant corporation the opportunity of showing the true value of the said collaterals in order to have the proper credit indorsed on the execution. A reference was made, and the following facts appear from the proofs read at the hearing: When the note of the defendant corporation, on which the judgment is founded, was given to the Grocers' Bank, the following memorandum was attached to it:

"As collateral security for the payment of the above note, and of any and every indebtedness or liability which may exist on the part of the city of Rahway to the Grocers' Bank, I have this day deposited with the said bank fifty Rahway city bonds, numbered 1 to 50, $1,000 each, dated June 1, 1878,—10 years, —which, together with any additions thereto, I do hereby authorize the president of the said Grocers' Bank, on non-payment of said note at maturity, to sell said security, either at the board of brokers, at public auction, or at private sale, and without notice to me of such sale, and to apply the proceeds of such sale to the payment thereof; the said Grocers' Bank still reserving all its right against me, as maker of said note, in case such proceeds shall not be sufficient to pay principal, interest, and charges in full.

{ Seal of City of Rahway. }     "R. C. BREWSTER,
{      L. S.   1858.      }     "Treasurer of the City of Rahway, N. J."

The plaintiff, on coming into the possession of the assets of the bank, found these collaterals, and, in pursuance of the authority vested in the bank when the loan was made, handed them to the well-known stock auctioneers, A. H. Muller & Son, No. 7 Pine street, New York, for public sale. They were regularly advertised to be sold at the exchange sales-room, 111 Broadway, for Wednesday, January 11, 1882, at 12:30 o'clock P. M. Due notice of the sale was given to the proper authorities of the city of Rahway as early as December 31, 1881. Mr. Blair, attorney for the receiver, attended at the time and place, and he testifies that when these bonds were reached on the printed list of stocks, bonds, etc., to be sold, he looked around among the people who were present at the sale, to see if he could find Mr. Berry or any one of the Rahway people whom he had seen before; that he recognized no one who seemed to be interested in the sale of the bonds, or who intended to bid upon them; that, fearing there would be no bid, or that there was some misunderstanding, he told the auctioneer to pass them, and adjourn the sale for a week; that immediately thereafter several gentlemen approached him, and said they were there to bid on the bonds,—that they had come there for that single purpose, and expressed great disappointment that they were not to be sold; that he immediately instructed the auctioneer to sell them as soon as he had finished the sale of the next article on the lists; that the auctioneer at once publicly announced that he would sell the Rahway bonds, and put them up; that there were several bids for them, by which the price was run up somewhat, and they were struck down to a Mr. Bonner at 23½ per cent.; that the sale was made in immediate conjunction with the sale of other articles on the list, without any interval of time intervening, and before any marked dispersion of the attendance was observed.

There were a number of other witnesses examined, but nothing appears in their testimony which, in my judgment, impeaches the *bona fide* character of the sale.

The question is not whether a price was realized as great as might have been obtained under some other circumstances, but whether the plaintiff was free from all collusion, and acted within the limits of the authority conferred upon the bank, when the bonds were pledged, in regard to the mode of sale or default in the payment of the note.

I am satisfied that there was no collusion in the matter; that the plaintiff, in the acts complained of, was prompted solely by the desire to do the best he could for the parties interested; and that the defendant corporation is bound by the result of the sale.　The net proceeds were credited January 11, 1882, on the judgment and execution, and the plaintiff is entitled to the *mandamus* prayed for in his petition, and it is ordered accordingly.